### COOK AND WARNER v. BRISTER.

*Certiorari* to Common Pleas of Mercer.

1. If in an action of debt, the court below render judgment for the plaintiff, for a sum certain, without saying whether it is for debt or damages, it will be intended to be a judgment in debt.

2. If the court of Common Pleas, on an appeal give judgment for the plaintiff, for a sum certain, of debt or damages, " with costs to be taxed : " or for costs, leaving a blank space to be filled up with the amount : it will be a good judgment for the debt or damages, and the plaintiff can have execution for that only. The whole judgment will not be reversed on that account. *Sed quere?*

3. If the court below, overrule the whole of the testimony of a witness, when a part of that testimony was competent, the judgment will be reversed.

---

*S. R. Hamilton* for plaintiff.

*S. G. Potts* for defendant.

The opinion of the Court, was delivered by

HORNBLOWER, C. J.   Brister sued Cook and Warner, in a court for the trial of small causes, upon a promissory note, made by them in favor of one Dugdale, and by him indorsed to the said Brister.   The note was dated the 16th January, 1836, for seventy-five dollars, payable four months after date, without defalcation or discount.   The defendants put in a written plea of payment to Dugdale, while the note was in his hands, and after it had come to maturity : setting out in the plea, the manner in which the same had been paid.   On the trial of the cause, the

Cook and Warner v. Brister.

justice gave judgment for the defendants.    From this judgment, Brister appealed, and the court of Common Pleas after hearing the parties, gave judgment as follows : We " do order and adjudge that the same," (that is, the judgment of the Justice,) " be reversed ; and that the appellant do recover against the appellees, ninety-nine dollars, besides costs to be taxed."

One error assigned is, that this judgment is defective, imperfect, and illegal in matter and form.    The objections to it are, that it does not specify, whether it is rendered for debt or damages : nor the amount of costs : but only for costs to be taxed.

I think there is nothing in the first objection : it is a record in an action of debt ; and the judgment must be necessarily understood and intended, to be for ninety-nine dollars *of debt*.    As to the costs, there is more difficulty.

In *Woodruff* v. *Badgely*, 7 *Halst.* 367, the court say, " the judgment should be specific, both as to the debt or damages, and the costs."    And in *Hann* v. *Gosling*, 4 *Halst.* 248, the Common Pleas, affirmed the judgment of the Justice, " with costs of increase : " and then gave judgment for the plaintiff, " for the sum of        of debt, and        costs of suit."    Chief Justice Ewing said, " the judgment was not properly entered : no sum was mentioned ; " and it was reversed.    In *Ivins* v. *Schooley*, 3 *Harr. R.* 269, the Common Pleas, gave judgment in favor of the appellee, for thirty-one dollars and eighty-six cents, of debt, " and the sum of        dollars        cents, costs before the Justice, besides the costs of the appellee upon the appeal, to be taxed."    In that case, this court reversed the judgment ; but there were other errors : one of which was, that the record was repugnant ; the court having first "affirmed the judgment below in all things," and then given a new and different judgment.

I am not satisfied therefore, that we ought to reverse this judgment in all things, because the court have failed to specify the amount of costs.    It is a good judgment for ninety-nine dollars of debt, and the plaintiff can have execution for no more.

But the counsel for the plaintiff in *Certiorari*, upon the argument, complained that the court of Common Pleas had improperly overruled his evidence.

The plea filed by the defendants below, contains much unnecessary matter : but the substance of it is, that Cook, one of the

Cook and Warner v. Brister.

defendants had paid Dugdale the amount due on the note, after its maturity, by selling and delivering to him a Dearborn wagon, in satisfaction thereof. To prove this, in the first place, the defendants produced a book of accounts of the defendant Cook, in which under date of 22d September, 1837, was the following entry : " Benjamin Dugdale, to finishing a Dearborn, *to pay off a note of seventy-five dollars ; ninety dollars.*" Now admitting the book to have been sufficiently proved to have been the defendant's book of original entries : and admitting too, (but which I by no means believe,) that such an entry in a book of accounts, is lawful evidence of the sale and delivery of a carriage ; it clearly was no evidence that it was " to pay off a note of seventy-five dollars." This entry it seems was in the hand writing of Mrs. Cook, the defendant's wife, who the witness said was his book keeper. But the entry manifestly appeared, (and so the witness upon his cross-examination admitted the fact to be,) to be written on an erasure. The witness then proceeded to state, that he understood from Cook, that Mrs. Cook had by mistake, charged the wagon to Col. Cadwallader and had then scratched it out, and made the entry as it now appears. The impropriety of this evidence is too palpable to require illustration. If the book was evidence at all, it should have gone to the court with all its imperfections about it ; subject to such remarks as its appearance might justify ; unless indeed, the defendant could have accounted for its suspicious appearance, by legal evidence. But to permit a man to give in evidence his own explanations in support of his book, is going much beyond any thing I have before seen attempted.

The witness then proceeded to testify on the part of the defendants, that a former suit had been brought on this identical note, before Justice Maynard, in the winter of 1837, by the present plaintiff, (Brister,) in his own name, as he believed : that there was an appeal from that proceeding, to the Hunterdon Pleas, and a nonsuit. This evidence was clearly inadmissible. If it was material to prove a former suit and its result, on this identical note, it ought to have been proved by record, and not by parol. If it was not relevant testimony, it ought of course to have been ruled out. The witness however, proceeded to state, that in consequence of something he had heard at a trial before Justice

Maynard, he had a conversation with Brister about this note; and expressed his surprise, that he had sued upon it, stating to him what Cook had said about the payment of the note : that Brister thereupon admitted, that he knew Dugdale had received the Dearborn wagon from Cook on the note in question, and had gone away in it soon after ; that Dugdale had left the note and some accounts with him to settle, and he, Brister, had no other interest in the note, than to have things settled. To this evidence I see no objection : nevertheless, after the cause had been rested, the plaintiff's counsel moved to overrule *all* the foregoing evidence ; and the court sustained the motion and thereupon rendered judgment for the plaintiff. In doing so, they clearly erred, and for that reason the judgment must be reversed. I do not mean, that the court erred in giving judgment for the plaintiff. In doing that they may have been right enough. The error was in overruling the latter evidence, that which related to the conversations and admissions of Brister. The credit due the witness, and the effect of the evidence, is another thing : the court, in this case, (there being no jury,) as the triers of the fact, as well as of the law, were to pass upon those matters. The error was in ruling the evidence out.

*Judgment reversed.*